IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNIE PHILLIPS,

     Plaintiff,

v.                             CASE No. 1:15-cv-110-WTH-GRJ

C.O. PITTMAN, et. al.,

     Defendants.

_____/

## REPORT AND RECOMMENDATION

Pending before the Court is Defendants Keen and Pittman's Motion to Dismiss, ECF No. 33. Plaintiff filed a response to Defendants' motion. (ECF No. 36.) Defendants' motion is, therefore, ripe for review. For the following reasons, it is recommended that the motion to dismiss be granted.

## I.  Background

Plaintiff, an inmate in the custody of the Florida Department of Corrections at the Mayo Correctional Institution ("Mayo CI"), initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. §§ 1983 and 1988. (ECF No. 1.) Plaintiff subsequently obtained counsel and amended his complaint alleging that Defendants Keen and Pittman violated his First and

Eighth Amendment rights. (ECF No. 30 at 6–7.) Defendants Keen and Pittman, both correctional officers at Mayo CI, are sued in their individual capacities. (ECF No. 33 at 1.)

Plaintiff alleges that he is confined to a wheelchair and suffers from a heart condition, kidney failure, and blood clots in both legs. (ECF No. 30 at 2.) Plaintiff claims that his medical conditions and medications cause him to have to drink a lot of water, causing frequent urination. (*Id.*) He also has a medical condition that causes frequent urination and incontinence and has to wear a diaper. (*Id.*) Plaintiff's frequent urination into the diaper causes open sores subject to infection. (*Id.* at 3.)

Plaintiff claims that Defendants Keen and Pittman worked the pill line at his institution for more than a year, and were aware of Plaintiff's difficulty with urination. (*Id.*) Plaintiff alleges that Pittman would make derogatory comments, in the presence of Keen, about Plaintiff's condition such as, "Oh, the baby needs his diapers". (*Id.*) Specifically, Plaintiff alleges that on February 15, 2015, he asked Defendants Keen and Pittman to use the bathroom and Keen stated that he could "fucking piss" on himself. (*Id.*) As a result, Plaintiff did urinate on himself. (*Id.*) Plaintiff alleges that Pittman did not intervene to prevent the denial of needed care and that both Pittman and Keen openly laughed at Plaintiff's dilemma. (*Id.*)

In addition, Plaintiff alleges that after filing this lawsuit Defendant

Keen threatened him, stating "I've got my eye on you" and "I'm going to get

you." (ECF No. 30 at 4.) Plaintiff claims that on February 17, 2016, while he

was on his way to the pill line Defendant Keen approached him, ordered

him to stand up and grabbed his shirt, "manhandling" him in his wheelchair

without provocation. (*Id.*) Plaintiff claims that this action had no valid

penological purpose and seemed to imply that Plaintiff was faking being

wheelchair-bound. (*Id.*)

Plaintiff alleges that other corrections officers, specifically an Officer

Mosley, worked with Defendants Keen and Pittman to harass him. (*Id.*)

According to Plaintiff, Officer Mosley harassed him on multiple instances.

(*Id.*) Plaintiff also claims that following the filing of this case, Defendant

Keen generally refused to permit him emergency access to toilet facilities.

(*Id.*) In addition, Plaintiff states that he was constantly reminded by officers

that he was being punished for filing a lawsuit. (*Id.*)

Plaintiff claims that he is entitled to relief against Defendants Keen

and Pittman for deliberate indifference to a serious medical need in

violation of the Eighth Amendment. (ECF No. 30 at 6.) Further, Plaintiff

claims Defendant Keen retaliated against Plaintiff in violation of the First

Amendment for filing the instant lawsuit. (ECF No. 30 at 7.) Plaintiff seeks

declaratory and injunctive relief, compensatory damages, nominal

damages, punitive damages, and attorney's fees and costs. (ECF No. 30

at 8.)

Defendants Keen and Pittman seek to dismiss Plaintiff's complaint,

arguing that: (1) Plaintiff has failed to state a claim for relief; (2) Plaintiff is

not entitled to the relief requested; (3) Plaintiff failed to exhaust his

administrative remedies prior to filing his retaliation allegations, as required

by the Prison Litigation Reform Act ("PLRA"), 42 U.S.C. § 1997e(a); and

(4) Defendants are entitled to qualified immunity. (ECF No. 33.)

## II.  Standard of Review

For the purposes of the motion to dismiss, the Court must view the

allegations of the complaint in the light most favorable to the plaintiff,

consider the allegations of the complaint as true, and accept all reasonable

inferences therefrom. *Jackson v. Okaloosa County, Fla.,* 21 F. 3d 1532,

1534 (11th Cir. 1994). Furthermore, the Court must limit its consideration

to the complaint and written instruments attached as exhibits. Fed. R. Civ.

P. 10(c); *GSW, Inc. V. Long County, Ga.,* 999 F.2d 1508, 1510 (11th Cir.

1993).

In *Ashcroft v. Iqbal*, 556 U.S. 662, 679–80 (2009), the Supreme

Court of the United States articulated a two-pronged approach for evaluating a motion to dismiss under Rule 12(b)(6): First, the court must determine what factual allegations in the complaint are entitled to a presumption of veracity; second, the court must then assess whether these facts give rise to an entitlement for relief. In determining whether factual allegations are entitled to the presumption of truth, the Court stated that it was not whether the facts are "unrealistic or nonsensical" or even "extravagantly fanciful," but rather it is their conclusory nature that "disentitles them to the presumption of truth." *Id.* at 681. Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations of the complaint. *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 546 (2007). "While the pleadings of *pro se* litigants are 'liberally construed,' they must still comply with procedural rules governing the proper form of pleadings." *Hopkins v. St. Lucie County School Bd.,* 399 F. App'x 563, 565 (11th Cir. 2010) (unpublished) (citations omitted) (applying the pleading standards of *Iqbal* and *Twombly* to a *pro se* complaint).[1]

## III. Discussion

Defendants Keen and Pittman argue that Plaintiff has failed to state a

---

[1] Pursuant to Eleventh Circuit Rule 36-2, unpublished opinions are not considered binding precedent, but may be cited as persuasive authority.

claim for relief because Plaintiff has not alleged any plausible facts demonstrating that Defendants Keen and Pittman violated Plaintiff's constitutional rights. (ECF No. 33 at 5.) Furthermore, even if Plaintiff had plausibly alleged constitutional violations, they are nonetheless entitled to qualified immunity. (*Id.* at 21.) Finally, Defendants contend Plaintiff has failed to exhaust administrative remedies for his First Amendment retaliation claim.

## A.    Eighth Amendment

### 1.    *Deliberate Indifference to a Serious Medical Need*

The Eighth Amendment provides the right to be free from cruel and unusual punishment. U.S. Const. amend. VIII. Deliberate indifference to the serious medical needs of prisoners violates the Eighth Amendment's prohibition against cruel and unusual punishment. *Estelle v. Gamble*, 429 U.S. 97, 104–05 (1976).

To establish an Eighth Amendment violation stemming from the deprivation of medical attention, a prisoner must set forth evidence of an objectively serious medical need and prove that the officials acted with attitudes of deliberate indifference to his needs. *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003). A plaintiff has a "serious medical need" when

the condition "is one that has been diagnosed by a physician as mandating treatment or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention." *Hill v. Dekalb Reg'l Youth Det. Ctr.*, 40 F.3d 1176, 1187 (11th Cir. 1994). In addition, "the medical need must be one that, if left unattended, poses a substantial risk of serious harm." *Farrow v. West*, 320 F.3d 1235, 1243 (11th Cir. 2003).

To show that the prison official was deliberately indifferent, the plaintiff must prove that: (1) the prison official had a subjective knowledge of a risk of serious harm; (2) the prison official disregarded that risk; and (3) did so by conduct that is more than mere negligence. *Brown v. Johnson*, 387 F.3d 1344,1351 (11th Cir. 2004); *Taylor v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (the prisoner must demonstrate that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain," and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law.").

Plaintiff's allegations do not rise to the level of an Eighth Amendment violation. First, Plaintiff has not alleged a serious medical need. Frequent urination is not something, that if left unattended, poses a substantial risk

of serious harm. This is consistent with the view of other courts, who have held that temporary denial of access to a toilet, even with frequent urination issues, is not a serious medical need. *See Simpson v. Overton*, 79 F. App'x 117, 120 (6th Cir. 2003) (unpublished)*; Jones v. Mathai*, No. 06-11925, 2008 WL 2570776 *14 (E.D. Mich. June 24, 2008).

Second, Plaintiff has not alleged facts plausibly suggesting that Defendants Keen and Pittman had subjective knowledge of a risk of serious harm and that they were deliberately indifferent to that harm. Plaintiff says Defendant Keen denied him access to the inmate restroom on one occasion while Plaintiff was waiting in the pill line and told Plaintiff he should urinate on himself. Plaintiff also says that Defendant Pittman simply laughed instead of telling Defendant Keen to let Plaintiff use the inmate restroom.  While a claim that correctional officers allowed an inmate to urinate on himself and make fun of the inmate is troubling and not be condoned, nonetheless, these allegations do not plausibly suggest that Defendants had subjective knowledge of a serious risk of harm or that they disregarded that risk.

Rather, as alleged in the complaint at the time of the incident Plaintiff was wearing an adult diaper, given to him presumably to address his

issues with frequent urination. (*Id.*) Given that Plaintiff was wearing a diaper at the time of the incident there is nothing alleged to suggest that Defendants had subjective knowledge of a risk of serious harm that would result from forcing Plaintiff to urinate in his diaper.

While Plaintiff alleges that Defendants were aware of a risk of serious harm because "it was obvious," the Court fails to find how a risk of serious harm from urinating in a diaper is obvious. Notably, Plaintiff does not allege that Defendants knew that Plaintiff had open sores due to frequent urination into his diaper. *See Farmer v. Brennan*, 511 U.S. 825, 838 (1994) ("But an official's failure to alleviate significant risk that he should have perceived but did not, while no cause for commendation, cannot under our cases be condemned as [a constitutional violation]."); *Brown v. Hughs*, 894 F.2d 1533, 1537 (11th Cir. 1990) ("The known risk of injury must be a strong likelihood, rather than a mere possibility before a guard's failure to act can constitute deliberate indifference.").

Accordingly, because there are no allegations plausibly suggesting that Defendants were aware (or should have been aware) that Plaintiff was suffering from open sores due to frequent urination, the Court concludes that Plaintiff has failed to state a claim for deliberate indifference to a

serious medical need in violation of the Eighth Amendment.

### 2.    Denial of Necessities of Life

To the extent Plaintiff's Eighth Amendment claim is construed as one based on conditions of confinement, Plaintiff's claim also fails. To state an Eighth Amendment claim based on prison conditions, a plaintiff must establish: (1) that the prison officials acted with deliberate indifference to prisoner health or safety; and (2) either that the conditions of confinement were sufficiently serious or were extreme deprivations of basic human needs. *Jordan v. Doe*, 328 F.3d 1559, 1564 (11th Cir. 1994); *Chandler v. Crosby*, 379 F.3d 1278, 1289 (11th Cir. 2004). To show that a prison official acted with deliberate indifference, a plaintiff must allege that the defendant had subjective knowledge of a substantial risk of serious harm and disregarded that risk by conduct that is more than gross negligence. *Chandler*, 379 at 1289; *Adams v. Poag*, 61 F.3d 1537, 1543 (11th Cir. 1995). "Generally speaking, prison conditions rise to the level of an Eighth Amendment violation only when they 'involve the wanton and unnecessary infliction of pain.'" *Id.* (quoting *Rhodes v. Chapman*, 452 U.S. 337, 349 (1981)).

While there is no question that prison conditions that deprive inmates

of basic sanitation violate the Eighth Amendment, *Chandler v. Baird*, 926

F.2d 1057, 1066–67 (11th Cir. 1991),  Defendants' refusal to permit

Plaintiff access to the inmate bathroom on one occasion does not rise to

the level of an extreme deprivation of basic human needs. Depriving an

inmate bathroom access for multiple hours or days, thereby forcing the

inmate to sit in his own waste for lengthy periods of time clearly violates the

Eighth Amendment. *See Brooks v. Warden*, 800 F.3d 1295, 1303 (finding

that prisoner stated an Eighth Amendment claim where hospital officials

refused to lower waist chains so he could use the toilet, forcing prisoner to

defecate in his jumpsuit and sit in his waste for two days); *Centaur v.*

*Prisoner Transp. Servs. of Am.*, No. 1:12-CV-2626-TWT-LTW, 2012  WL

6803978, at *3, *6 (N.D. Ga. Nov. 6, 2012) (holding that prisoner stated an

Eighth Amendment claim where transport officials refused to allow access

to a bathroom, causing prisoner to urinate and defecate on himself and sit

in his waste for more than twenty hours).  But, where, as here, the claim is

that there was a temporary deprivation of the right to use a restroom,

without serious physical harm or a serious risk of contamination, the

temporary deprivations does not rise to the level of an Eighth Amendment

violation. *See Butler v. Dale*, No. 12-331-CB-M, 2013 WL 1364035, at *6

(N.D. Ala. Mar. 11, 2013) (holding that inmate who was denied access to restroom for three hours and five minutes did not state Eighth Amendment claim); *Patin v. LeBlanc*, No. 11-3071, 2012 WL 3109402, at *16 (E.D. La. May 18, 2012) ("the mere fact that bathroom access is limited or even results in inmates' soiling themselves, does not necessarily amount to a constitutional deprivation"); *Whitted v. Lazerson*, No. 96 Civ. 2746(AGS), 1998 WL 259929, at *2 (S.D.N.Y. May 21, 1998) (depriving inmate access to a toilet for ninety minutes, thereby causing inmate to relieve himself in his pants, did not violate the Eighth Amendment because there was no actual injury).

In this case, Plaintiff does not claim that Defendants denied him access to a bathroom for a significant period of time. Rather, Plaintiff claims only that the Defendants deprived him of the use of a toilet on one occasion. And the Defendant was not forced to urinate in his clothing but rather was fully equipped with a diaper at the time, which Plaintiff was wearing at the time for the very purpose of preventing him from urinating in his clothing. While the allegations, if true, suggest unacceptable and mean spirited conduct by the Defendants, which should be subject to appropriate administrative response by prison officials, the allegations do not rise to the

level of extreme deprivation of basic human needs in violation of the Eighth Amendment.

### 3.    *Qualified Immunity*

Assuming, *arguendo*, that Plaintiff had stated a viable claim for relief under the Eight Amendment, Defendants Keen and Pittman argue that they are entitled to qualified immunity. "[G]overnment officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982). To determine whether qualified immunity applies, a court must consider two factors: (1) whether the factual allegations show that the officer's conduct violated a constitutional right; and (2) whether the right was clearly established. *Person v. Callahan*, 555 U.S. 223, 236 (2009). A court has the discretion to address the two prongs in either order. *Id.* "The relevant, dispositive inquiry in determining whether a right is clearly established is whether it would be clear to a reasonable officer that his conduct was unlawful in the situation he confronted." *Saucier v. Katz*, 533 U.S. 194, 202 (2001).

There is no suggestion that Defendants Keen and Pittman were not

government officials acting within their discretionary authority. Instead,

Plaintiff alleges that these incidents occurred while Defendants Keen and

Pittman were working at the prison. "Discretionary authority" includes all

actions by a government official that "were undertaken pursuant to the

performance of his duties," and were "within the scope of his authority."

*Jordan v. Doe*, 38 F.3d 1559, 1566 (11th Cir. 1994) (quoting *Rich v. Dollar*,

841 F.2d 1558, 1564 (11th Cir. 1988)). Guarding prisoners and overseeing

prisoner movement surely falls within the scope of a prison guard's duties.

As discussed, however, Plaintiff's allegations do not plausibly

suggest that Defendants Keen or Pittman violated Plaintiff's Eighth

Amendment rights. As such, Defendants are entitled to qualified immunity

to claims against them in their individual capacities. *See Anderson v. City

of Naples*, No. 12-10917, 2012 WL 6570895, at *4 (11th Cir. Dec. 17,

2012) (per curium) (recognizing that qualified immunity protects

government officials engaged in discretionary duties from suits in their

individual capacities unless there is a violation of a constitutional right and

the right was clearly established at the time of the alleged violation).

Moreover, even assuming, *arguendo*, that Defendants Keen and

Pittman's actions were unconstitutional, the law was not clearly established

at the time of the incident so as to place a reasonable prison guards on notice that denying an inmate use of a restroom on one occasion when the inmate has a frequent urination problem and wears adult diapers violates the Eighth Amendment.

The Court finds no controlling or materially similar Eighth Amendment case that declares it to be unlawful for prison guards to deny a prisoner access to a bathroom on one occasion where the prisoner has been given adult diapers to address frequent urination and incontinence issues.

Plaintiff has failed to point toward any such cases suggesting an Eighth Amendment violation on such limited facts. Denying Plaintiff access to the bathroom on one occasion when Plaintiff was wearing an adult diaper was not so far as to cross the line to constitute an extreme deprivation of basic human needs. Defendants are, therefore, entitled to qualified immunity from Plaintiff's Eighth Amendment claim.

## B.    Retaliation and Exhaustion under the PLRA

Plaintiff also alleges that Defendant Keen violated Plaintiff's First Amendment right by retaliating against Plaintiff for filing the instant lawsuit. Plaintiff, however, has not alleged that he has exhausted administrative remedies available for this claim.

The PLRA requires a prisoner to exhaust all available administrative remedies before filing an action challenging prison conditions. "This requirement is a 'pre-condition to suit' that must be enforced even if the available administrative remedies are 'futile or inadequate.'" *Logue v. Pearson,* No. CV410-240, 2011 U.S. Dist. LEXIS 66950, at *2–3 (S.D. Ga. 2011) (citing *Harris v. Garner,* 190 F.3d 1279, 1285–86 (11th Cir. 2005)). Exhaustion is mandatory under the PLRA, and unexhausted claims are not permitted. *Jones v. Bock,* 549 U.S. 199, 211 (2002).

Further, the PLRA's exhaustion requirement contains a procedural default component; prisoners must comply with the applicable deadlines, or good-cause standards for failure to comply, contained in the administrative grievance procedures. *Johnson v. Meadows*, 418 F.3d 1152, 1158 (11th Cir. 2005). "'[A] prisoner who does not properly take each step within the administrative process has failed to exhaust state remedies, and thus is foreclosed by § 1997e(a) from litigating. . . . [T]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require.'" *Id*. (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1024–25 (7th Cir. 2002)).

To exhaust administrative remedies in Florida, a prisoner in FDOC

custody must complete the administrative review process established under regulations promulgated by the Secretary of the FDOC. Fla. Stat. Ann. § 944.09(1)(d) ("The department has authority to adopt rules ... to implement its statutory authority. The rules must include rules relating to ... [g]rievance procedures which shall conform to 42 U.S.C. § 1997e."). Under the administrative review process established by the Secretary of the FDOC, a prisoner must: (1) file an informal grievance with a designated prison staff member, (2) file a formal grievance with the warden's office, and then (3) submit an appeal to the Secretary of the FDOC. *Chandler v. Crosby*, 379 F.3d 1278, 1288 (11th Cir. 2004) (citing Fla. Admin. Code Ann. §§ 33-103.001–103.019*).* Once a prisoner has completed this process, he has properly exhausted his administrative remedies. *Id.*

In the Eleventh Circuit, the defense of failure to exhaust under the PLRA is considered a matter in abatement under Fed. R. Civ. P. 12 and, thus, is treated like a defense of lack of jurisdiction. *Bryant v. Rich*, 530 F.3d 1368, 1374, 1376 (11th Cir. 2008.) Accordingly, "[a] district court may properly consider facts outside of the pleadings to resolve a factual dispute regarding exhaustion where the factual dispute does not decide the merits and the parties have a sufficient opportunity to develop the record."

*Singleton v. Dep't of Corrections*, 323 F. App'x 783, 785 (11th Cir. 2009).

Deciding a motion to dismiss for failure to exhaust administrative remedies requires a two-step process as established in *Turner v. Burnside*, 541 F.3d 1077, 1082 (11th Cir. 2008). The Court first "looks to the factual allegations in the defendant's motion to dismiss and those in the plaintiff's response, and if they conflict, take plaintiff's version of the facts as true. If, in that light, the defendant is entitled to have the complaint dismissed for failure to exhaust administrative remedies, it must be dismissed." *Id.* at 1082; *Whatley v. Warden*, 802 F.3d 1205, 1211–12 (11th Cir. 2015) (at first *Turner* step, district court must accept plaintiff's facts as true "and make the exhaustion determination on [plaintiff's] view of facts;" appellate review of results of first step is *de novo*). If the complaint is not subject to dismissal through the first step, the Court "proceeds to make specific findings in order to resolve the disputed factual issues related to exhaustion." *Turner*, 541 F.3d at 1082; *Whatley*, 802 F.3d at 1213 (defendants' contention that plaintiff's exhibits were fabricated created a factual dispute that required explicit findings under the second *Turner* step;

such findings are subject to review on appeal for clear error).[2]

   *Turner* also established, however, that an inmate is not required to grieve a "breakdown in the grievance process" because the PLRA only requires that a prisoner exhaust his "available administrative remedies." *Id.* at 1083-84 ("[I]t is possible for retaliation or the threat of retaliation to make administrative remedies unavailable to an inmate."). In the context of retaliation or threatened retaliation, the *Turner* court concluded:

> We conclude that a prison official's serious threats of substantial retaliation against an inmate for lodging or pursuing in good faith a grievance make the administrative remedy "unavailable," and thus lift the exhaustion requirement as to the affected parts of the process if both of these conditions are met: (1) the threat actually did deter the plaintiff inmate from lodging a grievance or pursuing a particular part of the process; and (2) the threat is one that would deter a reasonable inmate of ordinary firmness and fortitude from lodging a grievance or pursuing the part of the grievance process that the inmate failed to exhaust.

*Id.* at 1085. To successfully excuse a failure to exhaust, courts have generally concluded an inmate must allege more than just threats of

---

   [2] In *Whatley*, the Eleventh Circuit reversed the dismissal of a complaint for failure to exhaust because the record did not reflect whether the district court dismissed the case on the first or second step of *Turner*, and thus, the Court could not evaluate whether the district court's conclusions should be reviewed under the *de novo* standard of the first *Turner* step or the "clear error" standard of the second *Turner* step. 802 F.3d at 1213. 6.

retaliation, but instead must allege both such threats of retaliation as well as the use of physical force against the inmate in response to the filing of grievances. *See*, *e.g.*, *Hemphill v. New York*, 380 F.3d 680, 689 (2d Cir. 2004) (noting that if inmate was assaulted and threatened to keep him from complaining, exhaustion should be excused); *Kaba v. Stepp*, 458 F.3d 678, 684-86 (7th Cir. 2006) (exhaustion could be excused where prisoner was threatened with beating for filing grievances and threat was carried out).

In this case, it is evident that Plaintiff has not successfully exhausted his retaliation claim through the appropriate grievance procedures required under the PLRA. Applying the requisite *Turner* analysis, the factual allegations regarding grievances, or lack thereof, in Plaintiff's amended complaint, Defendants' motion to dismiss, and Plaintiff's response do not conflict. Neither Plaintiff's amended complaint nor the response allege that Plaintiff filed any grievances in connection to his retaliation claim. (ECF No. 30.) While it is Defendants' burden to prove that Plaintiff failed to exhaust his available administrative remedies, Defendants have met that burden.

In response to Defendants' motion to dismiss, Plaintiff acknowledges his failure to file grievances related to his retaliation claim, arguing that because the alleged retaliation took place after the filing of this lawsuit,

"Plaintiff took advantage of such administrative remedies as were available to him when those acts of retaliation for filing instant lawsuit occurred." (ECF No. 36 at 12.) Thus, Plaintiff suggests that he was not required to exhaust administrative remedies for the retaliation claim because the alleged retaliation occurred after the filing of the instant lawsuit and therefore the instant lawsuit may serve the same purpose. Plaintiff offers no case law supporting such an exception to the PLRA's exhaustion requirement. Nor has the Court been able to locate any authority permitting such an exception to the PLRA's exhaustion requirement. *Cf. Lyons v. Serrano*, 205 F. App'x 719, 721 n.1 (11th Cir. 2006) (declining to consider grievances filed after plaintiff initiated his lawsuit "as they are not properly exhausted").  This argument wholly fails to excuse Plaintiff's failure to exhaust.

And to the extent that Plaintiff suggests he exhausted this claim *after* the lawsuit was filed, the Eleventh Circuit has held that under the PLRA, a prisoner must have fully exhausted his administrative remedies at the time his complaint is filed; exhausting after the fact and then filing an amended complaint does not cure an exhaustion defect. *Smith v. Terry*, 491 F. App'x 81, 83 (11th Cir. 2012) (holding that a supplemental complaint fails to cure

an exhaustion defect); *Harris v. Garner*, 216 F.3d 970, 981 (11th Cir. 2000)

("No amendment or supplement to a pleading can change a historical fact .

. . ."); *see also, Fails v. Sec'y, FDOC*, Case No. 4:13cv456-RH/GRJ, 2014

WL 4092262, at *1 (N.D. Fla. Aug. 19, 2014) ("The law of the circuit is that

belated exhaustion, followed by an amended complaint, does not cure the

initial failure to exhaust."); *O'Connor v. Carnahan*, Case No. 3:09cv224-

WS/EMT, 2014 WL 293457, at *4 (N.D. Fla. Jan. 27, 2014).

Further, to the extent Plaintiff is alleging that the threat of retaliation

made administrative remedies unavailable, Plaintiff has failed to allege any

serious threat of substantial retaliation against Plaintiff for lodging a

complaint. Plaintiff alleges in his amended complaint that on February 17,

2016, after the filing of this lawsuit, Defendant Keen told Plaintiff "I've got

my eye on you," and "I'm going to get you." (ECF No. 30 at 4.) In addition,

on February 17, 2016, Defendant Keen ordered Plaintiff to stand up and

grabbed him by the shirt, manhandling Plaintiff in his wheelchair without

provocation. (*Id.*) Plaintiff also says Defendant Keen harassed Plaintiff and

refused to permit Plaintiff emergency access to toilets (*Id.*) Plaintiff further

asserts, generally, that he was constantly reminded by officers that he was

being punished for filing a lawsuit and grievances. (*Id.*)

These  allegations fail to rise to the level necessary to excuse Plaintiff from failure to exhaust as described by *Turner*. Plaintiff has failed to allege serious threats of substantial retaliation for filing the instant complaint. One specific incident of physical contact lacking any threats toward Plaintiff or reference to this lawsuit coupled with general allegations that he was harassed and denied emergency access to the restroom without any threats does not excuse Plaintiff from his failure to exhaust. To the extent Plaintiff says he was constantly reminded that he was being punished for filing the lawsuit, not only is this wholly conclusory, it fails to contain any allegations suggesting that there were serious threats or that such threats were made specifically by Defendant Keen. *See Williams v. Barrow*, 559 F. App'x 979, 988 (11th Cir. 2014) (holding that conclusory allegations that prisoner failed to exhaust his remedies because of "escalating retaliation", without identifying any actual threats of retaliation that deterred prisoner from pursuing grievances, did not come close to satisfying the *Turner* standard).

Accordingly, for these reasons, the Court concludes that Plaintiff failed to exhaust his First Amendment retaliation claim and, therefore Defendants are entitled to dismissal of Plaintiff's First Amendment

retaliation claim for failure to exhaust administrative remedies.

## IV.  Recommendation

For the foregoing reasons, it is respectfully **RECOMMENDED** that

Defendants Keen and Pittman's motion to dismiss, ECF No. 33, should be

**GRANTED** and the Eighth Amendment claims against Defendants should

be **DISMISSED with prejudice** and the First Amendment retaliation claim

against Defendants should be **DISMISSED without prejudice**.

**IN CHAMBERS**  this 31st  day of March, 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

## NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon all other parties. If a party fails to object to the magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.**