IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
GAINESVILLE DIVISION

DONNIE PHILLIPS,

    Plaintiff,

v.                                        CASE NO. 1:15-cv-110-WTH-GRJ

SOLORZANO, et al.,

    Defendants.

_____/

## REPORT AND RECOMMENDATION

This matter is before the Court on ECF No. 37, Defendant Ronald Solorzano-Pallais, M.D.'s Motion to Dismiss Plaintiff's Amended Complaint. Plaintiff has filed a response in opposition. (ECF No. 40.) Defendant's motion to dismiss is therefore ripe for review. For the reasons explained below, it is respectfully recommended that Defendant's motion to dismiss be denied.

## I.  BACKGROUND

Plaintiff, an inmate in the custody of the Florida Department of Corrections ("FDOC") at Mayo Correctional Institution ("Mayo CI"), initiated this case by filing a *pro se* complaint pursuant to 42 U.S.C. § 1983. (ECF No. 1.) Plaintiff subsequently obtained counsel and amended his complaint

alleging that Defendant Solorzano-Pallais ("Dr. Solorzano-Pallais") violated his Eighth Amendment rights. (ECF No. 30 at 7.)[1]

Plaintiff alleges that he is confined to a wheelchair and suffers from a heart condition, kidney failure, and blood clots in both legs. (ECF No. 30 at 2.) Plaintiff's medical conditions and medications require him to drink a lot of water, thereby causing frequent urination. (*Id.*) He also has a medical condition that causes frequent urination and incontinence, requiring him to wear a diaper. (*Id.*) He has worn diapers since 2005. (*Id.* at 5.)

In light of Plaintiff's frequent need to urgently urinate, he requested a bathroom pass from the physician at Mayo CI, Dr. Solorzano-Pallais, sometime in 2015. (*Id.* at 2.) Dr. Solorzano-Pallais denied Plaintiff's request without providing a reason. (*Id.*) He also refused to issue Plaintiff a portable urinal jug and told Plaintiff, "that's what your diapers are for." (*Id.* at 2–3.) Plaintiff's frequent urination into the diapers, however, has caused open sores subject to infection. (*Id.* at 3.) Although Plaintiff discussed this problem with Dr. Solorzano-Pallais, Dr. Solorzano-Pallais never examined Plaintiff and instead simply prescribed an ointment for the sores. (*Id.*)

---

[1] Plaintiff also alleges Defendants Keen and Pittman violated his First and Eighth Amendment rights. (ECF No. 30 at 6–7.) Defendants Keen and Pittman filed a motion to dismiss on September 9, 2016 (ECF No. 33), which is still pending with the Court.

*Case No: 1:15-cv-110-WTH-GRJ*

Plaintiff filed grievances pertaining to this issue, but Dr. Solorzano-Pallais denied his grievances. (*Id.*)

Plaintiff has to depend on Dr. Solorzano-Pallais for medical supplies. (*Id.* at 5.) On February 15, 2016, Plaintiff was denied his blood-clot medication. (*Id.*) He has been "routinely deprived of medicated soap and ointment to deal with the urine rash and forced to pay a sick call fee even to request it," and "also deprived of needed fiber laxative and sanitary wipes which helped him to manage his incontinence." (*Id.*) In January 2016, Dr. Solorzano-Pallais made Plaintiff wait all day and then would not see Plaintiff, despite Plaintiff having an appointment, thereby requiring Plaintiff to wait weeks longer while his medical supplies ran out. (*Id.*) In most cases, when Plaintiff ran out of medical supplies it took weeks and payment of one or more $5.00 sick call fees to even request the item. (*Id.*) Once, Dr. Solorzano-Pallais refused to refill Plaintiff's ointment for urine burns, simply responding, "$5.00." (*Id.*) Plaintiff understood Dr. Solorzano-Pallais' response to mean Plaintiff could not have the ointment unless he paid for a sick call visit to even request the ointment. (*Id.*)

Dr. Solorzano-Pallais also frequently either failed to provide Plaintiff with diapers, or limited the number provided. (*Id.* at 6.) Thus, Plaintiff was forced to frequently wear urine-soaked diapers. (*Id.*) Wearing urine-soaked

diapers for extended periods has caused Plaintiff to suffer a bleeding rash and open sores subject to infection from fecal bacteria. (*Id.*)

Plaintiff alleges Dr. Solorzano-Pallais was deliberately indifferent to Plaintiff's serious medical needs in violation of the Eighth Amendment. (*Id.* at 7.) He claims he has suffered significant physical injury, mental distress, humiliation, and pain as a result of the deliberate indifference. (*Id.*) Plaintiff, therefore, seeks declaratory and injunctive relief, compensatory, punitive, and nominal damages, and attorney's fees and costs. (*Id.* at 8.)

## II.  STANDARD OF REVIEW

To state a claim for relief under 42 U.S.C. § 1983, a plaintiff must allege that an act or omission committed by a person acting under color of state law deprived him of a right, privilege, or immunity secured by the Constitution or laws of the United States. *Hale v. Tallapoosa Cnty.*, 50 F.3d 1579, 1582 (11th Cir.1995). As the Supreme Court held in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), "[f]actual allegations must be enough to raise a right to relief above the speculative level," and the complaint "must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action."

Further, in *Ashcroft v. Iqbal*, 556 U.S. 662, 1951-53 (2009), the Supreme Court stated that *Twombly* "expounded the pleading standard for

all civil actions," and conclusory allegations that "amount to nothing more than a formulaic recitation of the elements of a constitutional . . . claim" are "not entitled to be assumed true," and, to escape dismissal, complaint must allege facts sufficient to move claims "across the line from conceivable to plausible." "The plausibility standard is met only where the facts alleged enable 'the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.' . . . . The complaint's allegations must establish 'more than a sheer possibility that a defendant has acted unlawfully.'" *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (quoting *Iqbal*, 556 U.S. at 678).

### III.  DISCUSSION

Dr. Solorzano-Pallais argues Plaintiff's claims should be dismissed for failure to state a claim. (ECF No. 37.) The Court disagrees.

"In order to state a cognizable claim, a prisoner must allege acts or omissions sufficiently harmful to evidence deliberate indifference to serious medical needs. It is only such indifference that can offend 'evolving standards of decency' in violation of the Eighth Amendment." *Estelle v. Gamble*, 429 U.S. 97, 105 (1976.) As the Eleventh Circuit has stated, "[d]eliberate indifference requires the following: '(1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is

more than gross negligence.'" *Franklin v. Curry*, 738 F.3d 1246, 1250 (11th Cir. 2013) (quoting *Goodman v. Kimbrough*, 718 F.3d 1325, 1331-32 (11th Cir. 2013)).

Incidents of negligence or medical malpractice, however, do not rise to the level of a constitutional violation. *Harris v. Thigpen*, 941 F.2d 1495, 1504 (11th Cir. 1991); *Estelle*, 429 U.S. at 105–06 (neither "inadvertent failure to provide adequate medical care" nor "negligen[ce] in diagnosing or treating a medical condition" amounts to deliberate indifference to a serious medical need). Where the inmate has received medical treatment, and the dispute is over the adequacy of the treatment, courts should be reluctant to question the accuracy or appropriateness of the medical judgments made. *Harris*, 941 F.2d at 1507 (quoting *Waldrop v. Evans*, 871 F.2d 1030, 1305 (11th Cir. 1989)). A difference in medical opinion as to either an inmate's diagnosis or course of treatment does not rise to the level of cruel and unusual punishment. *Id.* at 1505.

Plaintiff alleges Dr. Solorzano-Pallais has frequently denied Plaintiff diapers or limits the number of diapers provided. Plaintiff says this forces him to sit in urine soaked diapers for extended periods of time. Plaintiff goes on to represent that sitting in urine soaked diapers has caused a bleeding rash and open sores. Plaintiff is also incontinent. Thus, Plaintiff is

forced to sit in urine-soaked diapers and fecal-filled diapers for extended periods of time despite having a bleeding rash and open sores. Plaintiff says he has discussed these problems with Dr. Solorzano-Pallais. Although Dr. Solorzano-Pallais has prescribed ointment for the diaper rash, Plaintiff asserts he is routinely deprived of the ointment, that Dr. Solorzano-Pallais has on occasion refused to refill the ointment, and has either refused to provide diapers or has limited the number of diapers provided.

Assuming these allegations to be true, Dr. Solorzano-Pallais knew that because Plaintiff was incontinent, frequently urinated, and wore diapers, Plaintiff was forced to sit in urine-soaked and fecal-filled diapers for extended periods of time. Moreover, Dr. Solorzano-Pallais knew Plaintiff had open sores. Thus, it is plausible that Dr. Solorzano-Pallais knew of a serious risk of harm to Plaintiff—i.e., infection.[2]

Furthermore, despite knowing of Plaintiff's issues, Dr. Solorzano-Pallais has, on occasion, refused to refill the ointment and has either refused to provide Plaintiff with diapers or limited the number provided. Thus, it is also plausible that Dr. Solorzano-Pallais disregarded that serious risk of harm by more than gross negligence. Although Dr. Solorzano-

---

[2] Dr. Solorzano-Pallais argues that diaper rash is not an objectively serious medical need. (ECF No. 37 at 8.) He fails to provide, however, any authority to support that proposition.

Pallais argues Plaintiff's allegations equate to a dispute over the adequacy of treatment, Plaintiff's claim is not simply that he wanted different treatment, but that at times he was wholly denied treatment.

While these claims may indeed amount to, at most, negligence or medical malpractice, Plaintiff's allegations establish more than a sheer possibility that Dr. Solorzano-Pallais acted with deliberate indifference to Plaintiff's serious medical needs. Accordingly, Dr. Solorzano-Pallais' motion to dismiss should be denied.

## IV.  RECOMMENDATION

In light of the foregoing, it is respectfully **RECOMMENDED** that:

Defendant Ronald Solorzano-Pallais, M.D.'s Motion to Dismiss, ECF No. 37, should be **DENIED**.

**IN CHAMBERS** at Gainesville, Florida, this 12th day of April, 2017.

*s/Gary R. Jones*
GARY R. JONES
United States Magistrate Judge

### NOTICE TO THE PARTIES

**Objections to these proposed findings and recommendations must be filed within fourteen (14) days after being served a copy thereof.  Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.  A copy of objections shall be served upon all other parties.  If a party fails to object to the**

**magistrate judge's findings or recommendations as to any particular claim or issue contained in a report and recommendation, that party waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636.**